IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY HESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-374-TLW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Roy Hess seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 10). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## ISSUES

Plaintiff argues (1) that the ALJ failed to incorporate limitations for plaintiff's severe impairments of degenerative disc disease and COPD/asthma into the residual functional capacity ("RFC") findings; (2) that the ALJ erred in assessing plaintiff's mental impairments as non-severe, especially after giving great weight to the opinion of consultative examining psychologist, Dr. Michael Morgan; and (3) that the ALJ failed to make proper findings regarding the physical and mental demands of plaintiff's past relevant work, pursuant to Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996). (Dkt. 14).

**STANDARD OF REVIEW**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

**ANALYSIS**

**Severe Impairments and Corresponding Limitations in the RFC**

Plaintiff argues that the ALJ failed to include limitations in his RFC to accommodate plaintiff's severe impairments of degenerative disc disease in the lumbar and cervical spine, including the existence of a C4-C5 fusion, and COPD/asthma. (Dkt. 14). Plaintiff contends that the ALJ's RFC for the full range of medium work is inconsistent, on its face, with the step two findings of degenerative disc disease and COPD/asthma and that the ALJ was required to explain why he did not impose limitations to address those severe impairments. Id.

The Commissioner focuses primarily on the ALJ's credibility findings, although it does not appear that plaintiff directly challenges the ALJ's credibility determination.[1] (Dkt. 17). In addition, the Commissioner argues that the ALJ's RFC is supported by the opinion of consultative examining physician Dr. Beau Jennings. Id.

This case is not one in which the ALJ found a severe impairment at step two to be "insignificant" at step five. Timmons v. Barnhart, 118 F. App'x 349, 353 (10th Cir. 2004) (unpublished)[2]. Rather, the ALJ weighed the medical evidence and accepted the opinion of Dr. Jennings, who conducted a physical examination of plaintiff, obtained x-rays, and performed a pulmonary function test. (R. 21, 521-48). The x-rays revealed mild degenerative changes in the lumbar spine, evidence of a cervical fusion, "postoperative changes with degenerative spurring of the vertebral body endplates at C3-C4 with slight anterolisthesis, facet joint degeneration and narrowing most striking at C3-C4 and C6-C7." (R. 19). During the examination, plaintiff exhibited a normal range of motion without pain, "resting pulse oximetry [of] 96%," and "[a]ppropriate mood and affect." Id. Plaintiff's pulmonary test results showed "Forced Vital Capacity of 3.9, 4.3, and 4.3 with FEI of 2.1, 2.4, and 2.3 after bronchodilator." Id.

Based on his examination, Dr. Jennings completed a residual functional capacity form, in which he found that plaintiff could perform the full range medium work with no environmental restrictions. (R. 20, 532-37). The ALJ gave great weight to this opinion and adopted it as his RFC. (R. 19-20).

---

[1] Plaintiff does argue that his testimony supports his claim that an RFC for medium work is not supported by the evidence, but he does not argue that the ALJ erred in finding him not credible. (Dkt. 14).

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

3

The ALJ further explained that this evidence was consistent with the other evidence of physical examinations in the record, which were "mainly within normal limits." (R. 21-22). The ALJ specifically noted that plaintiff's "breathing difficulties have been successful [sic] treated with inhalers and nebulizers when used despite his continued tobacco abuse." (R. 22). This conclusion was based on a discussion of all plaintiff's medical records, including previous x-rays and pain management records. (R. 18-19). The ALJ specifically noted that plaintiff had normal range of motion in the cervical spine without pain in November 2011, January 2012, May 2012, June 2012, August 2012, and September 2013. (R. 18-20). Treatment notes also showed no issues with ambulation throughout and specifically noted normal range of motion of the lumbar spine in August 2012 and September 2013. (R. 19-20).

Accordingly, the Court finds that the ALJ's RFC findings are supported by substantial evidence and adequately account for plaintiff's severe impairments of degenerative disc disease post status cervical fusion and COPD/asthma.

**<u>Non-severe Mental Impairment</u>**

Plaintiff argues that the ALJ erred in finding that plaintiff's diagnosis of adjustment disorder with mixed anxiety and depression was a non-severe mental impairment that imposed no functional limitations on plaintiff's ability to work. (Dkt. 14). Plaintiff contends that he presented sufficient evidence to establish that his adjustment disorder is a severe impairment. <u>Id.</u> Plaintiff also argues that, even if the ALJ found the diagnosis of adjustment disorder to be a non-severe impairment, "non-severe impairments must still be considered, discussed and made a part of the RFC." <u>Id.</u>

The regulations require an ALJ to consider at step two "the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered

4

separately, would be of sufficient severity." 20 C.F.R. § 416.923. The Tenth Circuit has held, however, that the failure to identify an impairment as a severe impairment at step two is harmless error if the ALJ proceeds to the next step in the sequential evaluation. See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008); Hill v. Astrue, 289 F. App'x 289, 292 (10th Cir. 2008) (unpublished); Oldham v. Astrue, 509 F.3d 1254, 1256 (10th Cir. 2007). Accordingly, even if plaintiff's mental impairments met the requirements for a severe impairment at step two, because the ALJ found that plaintiff had at least one severe impairment and then proceeded to step three, the error is harmless.

The regulations also require an ALJ to "consider all of [a claimant's] medically determinable impairments . . . including [] medically determinable impairments that are not 'severe'" in assessing residual functional capacity. 20 C.F.R. § 416.945(a)(2). The Social Security Administration requires this analysis because "[w]hile a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." SSR 96-8p.

In this case, the ALJ discussed at great length the limited medical records pertaining to plaintiff's mental health. (R. 20-21). The ALJ reviewed the findings of Dr. Michael Morgan, who conducted a psychological consultative examination of plaintiff in July 2011. Dr. Morgan diagnosed plaintiff with adjustment disorder with mixed anxiety but noted that plaintiff's examination was normal. (R. 20). Dr. Morgan attributed plaintiff's diagnosis to "being unemployed, ongoing financial difficulties, and his reduced ability to function." Id. In other words, plaintiff's symptoms were transient and situational. The ALJ gave great weight to this

opinion, finding it "consistent with the medical evidence of record including the claimant's lack of mental health treatment." Id.

The ALJ also discussed the hospital records in which plaintiff was treated for alcohol intoxication with withdrawal in January 2012 and his intake assessment with Family and Children's Services in March 2012.[3] (R. 21). The ALJ noted the ways in which plaintiff's use of alcohol impacted his emotions. Id. Overall, however, the ALJ found that the evidence showed mental status examinations "mainly within normal limits with appropriate hygiene and average intelligence." Id. Further, the ALJ discussed but gave no weight to the two GAF scores in the record and explained his reasons for doing so. Id.

Thus, the ALJ did discuss and consider plaintiff's non-severe mental impairment at step four and concluded that plaintiff had no functional limitations resulting from the diagnosis. The ALJ was not required to impose any limitations in the RFC unless the record bore out those limitations. Plaintiff has cited to no evidence that would indicate that his adjustment disorder causes any functional limitations, and based on the medical evidence in the record, the Court can find none.

**Medical Opinion Evidence**

Plaintiff makes a parallel argument that the ALJ erred in giving great weight to Dr. Morgan's opinion that plaintiff has adjustment disorder but then imposed no limitations. (Dkt. 14). However, Dr. Morgan's report did not suggest that plaintiff has any functional limitations resulting from his diagnosis of adjustment disorder. (R. 341-44). Dr. Morgan found that plaintiff had not received any mental health treatment since 1974, that his motivation was within normal

---

[3] Plaintiff argues that the ALJ erroneously found that plaintiff had not received any mental health treatment, citing the Family and Children's Services records that prescribed medication for him. (Dkt. 14). The medical records indicate that he was prescribed Celexa and Buspirone in May 2012, but there is no evidence that he ever took these medications. (R. 253-61, 466).

limits, that "[h]e was well focused and attentive to the task at hand" during the examination, that he had no memory impairments, and that he had normal thought processes. (R. 342, 343). With respect to the diagnosis of adjustment disorder, Dr. Morgan opined that plaintiff's symptoms were "transient in nature" and included "sleep disturbance, dysphoria, reduced motivation and problems with concentration." (R. 343).

Again, nothing in Dr. Morgan's report indicates that plaintiff has any functional limitations related to the diagnosis of adjustment disorder. Therefore, the ALJ did not err in his assessment of Dr. Morgan's opinion.

**Past Relevant Work**

Plaintiff argues that the ALJ failed to inquire about the physical and mental demands of plaintiff's past relevant work as a machinist and painter. (Dkt. 14). Plaintiff argues that the ALJ's RFC of medium work "is not expressed in proper work-related limitations and is therefore corrupted." Id. Plaintiff also argues that the ALJ improperly relied on the vocational expert's limited testimony to assess the physical and mental demands of plaintiff's past relevant work, making his final conclusion at step four legally flawed. Id.

The Tenth Circuit has developed a three-phase test for assessing a claimant's ability to perform past relevant work. See Winfrey, 92 F.3d at 1023-25. First, the ALJ must make findings regarding the claimant's residual functional capacity. See id. at 1023. Second, the ALJ must assess the mental and physical demands of the claimant's past relevant work. See id. at 1024. Third, the ALJ must make specific findings regarding the plaintiff's ability to perform his past relevant work based on the findings from phases one and two. See id. at 1025.

Phase two requires the ALJ to obtain "adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" Id. at 1024 (quoting SSR 82-62). With respect to mental limitations,

> care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

SSR 82-62. The regulations provide that the ALJ can obtain this information from a number of sources, including the plaintiff, the testimony of a vocational expert, or the Dictionary of Occupational Titles. See 20 C.F.R. § 416.960(b)(2).

Plaintiff's argument that the ALJ's RFC finding of medium work was improper because it failed to define the work-related limitations is not persuasive. Social Security Ruling 96-8p does state that the ALJ should initially define RFC on a function-by-function basis because the "[i]nitial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case." SSR 96-8p. The Ruling further states that categorizing the exertional level is improper in assessing past relevant work "because the first consideration at this step is whether the individual can do past relevant work as he or she performed it." Id. However, the failure to define RFC on a function-by-function basis can be harmless error. See Hendron v. Colvin, 767 F.3d 951, 956-57 (10th Cir. 2014) (citing Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166 (10th Cir. 2012) for the proposition that "merely technical omissions in the ALJ's reasoning do not dictate reversal" where the Court can follow the ALJ's reasoning).

In this case, the ALJ adopted Dr. Jennings' RFC, which spells out, on a function-by-function basis, plaintiff's ability to perform medium work. Thus, it is clear from the ALJ's decision that he considered each of the functions associated with medium work.

8

Additionally, although the ALJ's decision references only medium work, the ALJ's question to the vocational expert *did* define medium work on a function-by-function basis. (R. 68). Therefore, the vocational expert knew the exact parameters of medium work and was able to assess whether plaintiff's past relevant work fit within those parameters.

The ALJ also conducted a proper inquiry into the physical demands of plaintiff's past relevant work. As discussed above, the ALJ defined the functions of medium work in detail. Id. The ALJ also asked the vocational expert to assess plaintiff's past relevant work. (R. 67). In response to questions about whether plaintiff could return to his past relevant work with an RFC for medium work, the vocational expert testified that plaintiff could work as a machinist and as a painter "if there's no climbing restrictions." (R. 68). The ALJ replied that there were none. (R. 69). This inquiry was sufficient to establish that plaintiff's past relevant work is consistent with an RFC for medium work.

Additionally, the ALJ was not required to inquire about the mental demands of plaintiff's past relevant work because he imposed no mental limitations in his RFC findings. Winfrey states that the ALJ need only "obtain adequate 'factual information about those work demands *which have a bearing on the medically established limitations*.'" Winfrey, 92 F.3d at 1024 (quoting SSR 82-62) (emphasis added).

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is hereby AFFIRMED.

SO ORDERED this 28th day of September, 2016.

_____
T. Lane Wilson
United States Magistrate Judge